# Smith, Appellant, *v.* Schwarz.

*Decedent's estates—Sale under Price act—Contingent remainder—Minors— Notice—Guardian—Loss of records—Ejectment.*

Where thirty years have expired from a sale of land under the Price act, and it appears that the petition for the order of sale, the report of the examiner to whom it was referred, and the decree of the court, have been lost, and there is nothing to show that notice had not been given to a guardian of certain minors owning contingent interests, it will be presumed that the court having jurisdiction over the subject-matter had· complied with all jurisdictional requirements when the order of sale was made, and that notice had been properly given to a guardian of the minors.

Omnia præsumuntur rite esse acta, donec probetur in contrarium.

Argued Jan. 14, 1904. Appeal, No. 182, Jan. T., 1903, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1900, No. 407, for defendant on special verdict in case of Marie T. Smith et al. v. Charles T. Schwarz. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Ejectment for an interest in land, 3121 North Broad street, in the city of Philadelphia. Before AUDENRIED, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant on special verdict.

*L. L. Smith*, with him *J. H. Brinton*, for appellants.—The fundamental principle upon which our judicial system rests is that no man shall be deprived of his property without due process of law, which imperatively demands the right to be heard : McKee v. McKee, 14 Pa. 231; Smith v. Wildman, 178 Pa. 245.

No lapse of time will raise a presumption of jurisdiction as to parties: Swain v. Fidelity Ins., etc., Co., 54 Pa. 455.

*John G. Johnson*, with him *Joseph A. Slattery* and *Preston K. Erdman*, for appellee.—The decree of the orphans' court is conclusive and cannot be attacked collaterally: Brown v. Wood, 17 Mass. 68; Delaney v. Gault, 30 Pa. 63; Hering v. Chambers, 103 Pa. 172; Burton's App., 57 Pa. 213.

OPINION BY MR. JUSTICE BROWN, May 2, 1904:

The lot of ground in controversy belonged to Patrick Mealy, who died in 1855. It formed a part of his residuary estate, which he gave and devised to James M. Smith in trust for his daughter, Mary Wilkinson, for life, and, upon her death, his direction was that the estate so devised should "then" be held "in trust and to and for the only proper use and behoof of all and every the child and children of my said daughter that shall be living at the time of her death and the lawful issue of any of them who may then be deceased having left such issue, their several and respective heirs and assigns forever as tenants in common, such issue of any deceased child or children of her my said daughter taking however and only receiving such part or share thereof as his, her or their deceased parent or parents would have had and taken had she or they been then living."

The testator's daughter died in 1886, leaving to survive her two sons, William M. and James Wilkinson, and four children of a deceased daughter, Anna M. Smith, who died March 2, 1880. In 1874, under proceedings instituted in the orphans' court of Philadelphia county, a large plot of land, of which the present lot formed a part, belonging to the estate of Mealy, was sold by Ella L. Wilkinson, the substituted trustee under his will, and the contention of the appellants is that the sale did not pass their contingent interest, because no notice of the application for the order of sale had been given to any one as their guardian. At that time they were all minors, the eldest, Marie T. Smith, being but twelve years of age.

The petition for the order of sale, the report of the examiner to whom it was referred and the decree of the court have been lost, and there is nothing before us to show that notice had not been given to a guardian of the appellants. There is an admission that they themselves had no knowledge of the proceedings for the sale of the real estate, as of course they could not legally have had in their minority; but the admission does not include any guardian they may have had. In the absence of the papers, which, on their face, would show just what notice, if any, had been given, and without any affirmative proof that the requirements of the act of 1853 had not been complied with, the appellee asks us to say that the presumption of the regularity of the proceedings in the court below, and of

full compliance by it with the statute, ought to protect his title.

That the proceedings in the orphans' court for the sale of the real estate were conducted under the Price act is conceded. The court had jurisdiction in the premises, expressly conferred by that act, but compliance with certain jurisdictional requirements was essential before the sale could be ordered. Among these was notice to all parties in interest, and if, with all the records before us, it affirmatively appeared that notice had not been given to a guardian of these appellants, if they had such interests under the will of their great-grandfather as required notice to them before an order of sale could affect them, we should have to hold that their undivided interests in the property did not pass to the purchaser; for the order of sale would be void as to them. Important parts of the record, however, are missing. As just stated, the petition for the order of sale, the report of the examiner to whom it was referred and the decree of the court made thereon have been lost. From them it would appear just who had been notified; but, in their absence, we cannot, and will not, after this lapse of nearly thirty years, assume that the court's decree was improvidently made, or that, having assumed jurisdiction of a matter coming within the jurisdiction expressly given it by the act of 1853, it had disregarded jurisdictional requirements when the order of sale was made. The presumption is otherwise, and, upon the rule, omnia præsumuntur rite esse acta, donec probetur in contrarium, this judgment must be affirmed.

Judgment affirmed.